UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSWALD BONCOEUR

                Plaintiff,

-against-

HAVERSTRAW-STONY POINT
CENTRAL SCHOL DISTRICT *et al.*,

                Defendants.

20-CV-10923 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

On March 22, 2022, this Court issued an Opinion & Order dismissing Plaintiff's Amended Complaint without prejudice. (*See generally* Dkt. No. 32.) The Court instructed Plaintiff that if he wished to file a Second Amended Complaint, he must do so within 30 days of the Opinion & Order, and that failure to properly and timely amend would likely result in dismissal of the claims against Defendants with prejudice. (*See id.* at 36.) Due to the passing of Plaintiff's attorney, (*see id.* at 1 n.1), the Court held a teleconference on April 27, 2022, during which it gave Plaintiff additional time to file a second amended complaint, or in the alternative, to secure a new attorney. Specifically, the Court stated, "Plaintiff shall file a Second Amended Complaint by May 27, 2022. Alternatively, if Plaintiff secures new counsel, that attorney shall file a notice of appearance by May 27, 2022. Plaintiff has been advised that if he does not file a Second Amended Complaint or if an attorney does not file a notice of appearance by May 27, 2022, the case will be dismissed." (*See* Dkt. (minute entry for April 27, 2022).) On May 23, 2022, Plaintiff filed a letter requesting an additional 60 days to find new counsel. (*See* Dkt. No. 53.) The Court granted Plaintiff's request, but noted that "this will be the last extension. In total, the Court will have given Mr. Boncoeur over 90 days to find new counsel." (*Id.*) To date,

Plaintiff has neither filed a second amended complaint nor secured new counsel. (*See* Dkt. No. 36; *see also generally* Dkt.)

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Federal Rule of Civil Procedure 41(b) of the provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *Id*. Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209).  No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Although the Court is not unsympathetic to Plaintiff's situation, Plaintiff has already been given two extensions to either file a second amended complaint or secure a new attorney.  (*See* Dkt. No. 36; Dkt. No. 35; Dkt. No. 32; *see also* Dkt. (minute entry for April 27, 2022).)  In total, Plaintiff has had 168 days to do so, and he has neither filed an amended complaint nor secured a new attorney.  (*See* Dkt.)  The Court has previously warned Plaintiff on multiple occasions that failure to prosecute his case through filing a second amended complaint or securing a new attorney would result in the dismissal of his case with prejudice.  *See Ayala-Rosario v. Westchester Cnty.*, No. 19-CV-3052, 2022 WL 1443349, at *2 (S.D.N.Y. May 6, 2022) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Massie v. Notice U.S. Tr.*, No. 20-CV-00740, 2022 WL 336594, at *2 (D. Conn. Feb. 4, 2022) (same); *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (same).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, certify on the docket that it has done so, and close this case.

SO ORDERED.

Dated: September 6, 2022
      White Plains, New York

                                                        KENNETH M. KARAS
                                                        United States District Judge